UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:15-cr-00068-001-CLC-SKL |
| v. ) | |
| ) | |
| JUSTIN ALLEN OWENS ) | |

## MEMORANDUM AND ORDER

JUSTIN ALLEN OWENS ("Defendant") came before the Court for an initial appearance on December 4, 2024, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 28].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Everett Hoagland of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review those documents with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Raven Austin explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant waived a preliminary hearing, but requested a detention hearing. At counsel's request, the detention hearing was scheduled on Friday, December 6, 2024, at 2:00 p.m.

At the detention hearing, the Government relied upon the allegations in the Petition [Doc. 28] and the sworn testimony of U.S. Probation Officer Sherrill Jordan. The Petition recites a number of conditions of supervision violated by Defendant, *to wit*:

- **General Condition:** You shall not commit another federal, state, or local crime.

- **General Condition:** You shall not illegally possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- **Standard Condition #3:** You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

- **Standard Condition #7:** You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any substances, except as prescribed by a physician.

- **Standard Condition #8:** You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court.

- **Standard Condition #9:** You shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The sworn Petition details facts giving rise to violations of this condition of supervision. More specifically:

1. on September 10, 2024, the Probation Officer was notified of Defendant's arrest for Aggravated Domestic Assault and Vandalism. In the Affidavit of Complaint, Defendant was accused by an ex-girlfriend of vandalizing her car by causing $1,000 worth of damage and pouring cleaning fluid over her.

2. On October 25, 2024, the Probation Officer was notified of Defendant's arrest for Simple Domestic Assault, Drugs/Narcotics Violation, Simple Possession of Schedule II, and Contraband in a Penal Institution. A police officer responded to a call for service on Blackburn Road. Defendant and his girlfriend, Kindell Cox, got into an argument. She complained that Defendant had struck her on the right side of her face, bitten her on the ear, and kicked her in the stomach. The officer observed and photographed the injuries to Ms. Cox's face and ear. Defendant was arrested and transported to the Bradley County Jail. Defendant was found to have a baggie of white powder concealed in his sock which was determined to be methamphetamine.

At the hearing, the Court also determined that Defendant has continued to illegally use methamphetamine during his period of supervised release, and that such methamphetamine use has contributed to his occasional erratic and violent behavior.

Defendant's federal conviction is for being a Felon in Possession of a Firearm. He has a criminal history which includes numerous assaults and aggravated assaults. Because of his violent criminal history, Defendant must be supervised closely and must comply with the conditions of his supervised release to ensure the safety of the community. In response to the allegations relied upon by the Government, Attorney Everett Hoagland proffered evidence on behalf of Defendant to the effect that he is desirous of seeking treatment for his methamphetamine addiction and that his conduct is fine when he is not using meth; however, such proffer did not persuasively refute the weight of the evidence set forth in the Petition suggesting that Defendant is a danger to the community.

The Court finds that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community and that he is not flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Defendant shall be **DETAINED WITHOUT BAIL** pending a revocation hearing before United States District Judge Curtis L. Collier.

2. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before United States District Judge Curtis L. Collier on **Wednesday, January 15, 2025, at 2:00 p.m.**

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE